OPINION OF THE COURT
John R. Heilman, J.
At the conclusion of this custody proceeding, the attorney for the respondent mother submitted an application for an award of counsel fees.
The application is opposed by petitioners on the ground that this court has no authority to make an award directing them to compensate respondent’s attorney. The basis of petitioners’ argument is founded upon the fact that they are the parents of the respondent and therefore do not come within the purview of subdivision (b) of section 237 of the Domestic Relations Law.
Respondent’s counsel argues that an interpretation of subdivision (b) of section 237 of the Domestic Relations Law which precludes the relief sought “may be unconstitutionally restrictive by maintaining a sexist and unreasonable classification”.
The court has reviewed the case law in this matter and is *559 unable to find a single instance in which an award of counsel fees has been made on facts similar to those presented in the instant proceeding. As it relates to the application before the court, subdivision (b) of section 237 of the Domestic Relations Law provides that: "Upon an application * * * by writ of habeas corpus or by petition and order to show cause concerning custody * * * the court may direct the husband or father to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the wife or mother as, in the court’s discretion, justice requires”. (Emphasis added.) The above language clearly indicates that the relief granted therein was intended to flow only from the father of the child whose custody is sought to the child’s mother. Were this a contest between the father and mother of the child, the court might be inclined to agree with the constitutional argument of respondent’s counsel. The basic argument in favor of an award to a husband is well articulated in the case of Thaler v Thaler (89 Misc 2d 315). However, this court is of the opinion that a distinction exists between the financial interdependence of the father and mother of a child and the financial interdependence of the emancipated mother of a child and her own parents. Accordingly, this court does not find the classification which precludes the respondent from relief to be either unreasonable or sexist. A petitioner who is emancipated from her parents is a stranger to them insofar as her ability to obtain any form of support is concerned. As is the case with any litigants, who, from a legal point of view, are strangers, absent statutory or case law to the contrary, one may not exact counsel fees from the other. Despite the equitable arguments presented by counsel for the respondent, this court may not attempt to legislate in an effort to right an apparent wrong. The application is in all respects denied.